Levent YUKSEL

v.

NORTHERN AMERICAN POWER
TECHNOLOGY, INC. and
Peter Lo.

Civ. A. No. 92–6002.

United States District Court,
E.D. Pennsylvania.

Nov. 5, 1992.

Arsen Kashkashian, Jr., Bristol, Pa., for plaintiff.

Anthony S. Volpe, Volpe & Koenig, Philadelphia, Pa., for defendants.

## MEMORANDUM

KATZ, District Judge.

Defendants North American Power Technology, Inc. ("NAPT") and Peter Lo ("Lo") have moved to dismiss this action for lack of subject matter jurisdiction. For the following reasons, defendants motion will be GRANTED.

## I. FACTS OF THE CASE

Plaintiff, Levent Yuksel ("Yuksel"), a Pennsylvania resident, invented a product which is patent pending in both the United States Patent & Trademark Office and the United States Patent Office. *See* Complaint at ¶¶ 1, 3, 4. Defendants are NAPT, a Pennsylvania corporation, and Lo, apparently a Pennsylvania resident, and president of NAPT. *See* Complaint at ¶¶ 2, 6, 9. Lo and Yuksel are business partners in NAPT. In Count I of his complaint, Yuksel alleges that Lo had Yuksel sign an assignment form that Lo had drafted, which apparently assigned Yuksel's rights in his invention to Lo and NAPT. Yuksel further states that as he is unable to read and write English, he signed the form relying on Lo's explanation that the assignment was some other business transaction. Yuksel alleges Lo intentionally misrepresented the form, that Yuksel did not wish to assign his rights in his invention, and that Yuksel would not have signed the form had he known what it actually was. In Count II of his complaint, Yuksel alleges he received no consideration in exchange for the assignment. Finally in Count III of his complaint, Yuksel alleges Lo acted outside the scope of his fiduciary duty he had with Yuksel as president of NAPT by diluting Yuksel's interest in NAPT by diluting the company's stock. To remedy his claims, Yuksel seeks a temporary restraining order ("TRO") against both defendants to prohibit the recording of the assignment; to prohibit further production, use, or sale of the plaintiff's patent pending product; and to hold the assignment null and void. Yuksel maintains this court has jurisdiction pursuant to 28 U.S.C. § 1338. Defendants responded to the complaint with a motion to dismiss for lack of subject matter jurisdiction.

## II. DISCUSSION

### A. Rule 12(b)(1) Standard

■ Federal Rule of Civil Procedure 12(b)(1) requires federal courts to dismiss actions if the courts lack subject matter jurisdiction. A Rule 12(b)(1) motion may take one of two forms: "12(b)(1) motions that attack the complaint on its face [a facial attack] and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings [a factual attack]." *Mortensen v. First Federal Sav. and Loan Assn.*, 549 F.2d 884, 891 (3d Cir.1977). The facial attack requires the court to consider the allegations of the complaint as true. *See id.* Furthermore, the burden of proving jurisdiction exists rests with the party asserting jurisdiction. *See United States v. Nicolet, Inc.*, 17 Envtl.L.Rep. 21,088, 1987 WL 8199 (E.D.Pa.1987).

Here, despite the defendant's representation that its motion is a factual attack, the 12(b)(1) motion is a facial attack since no affidavits, depositions, or other factual matters have been presented for this court consideration of this motion. *See International Assn. of Machinists v. Northwest Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982); *see also Nicolet, supra*. Indeed, the only relevant papers filed in this case as of this date are the complaint and defendant's motion to dismiss. *See Mortensen, supra* at 891–92 & n. 17 (noting a factual attack made be asserted any time from after the answer has been served and that a factual jurisdictional proceeding cannot occur until the plaintiff's allegations have been controverted). This court, therefore, will view the allegations in the complaint as true in deciding this motion.

### B. 28 U.S.C. § 1338 Standard

■ Federal courts are courts of limited jurisdiction. *See Aldinger v. Howard*, 427 U.S. 1, 15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976). Congress has conferred jurisdiction upon the federal courts to hear cer-

tain patent actions pursuant to 28 U.S.C. § 1338 which provides:

> (a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

> (b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trade-mark laws.

> (c) Subsections (a) and (b) apply to exclusive rights in mask works under chapter 9 of title 17 to the same extent as such subsections apply to copyrights.

28 U.S.C. § 1338.

Plaintiff has not alleged a claim which is actionable under the federal patent law pursuant to subsections (b) or (c) of 28 U.S.C. § 1338. Therefore, if this court has jurisdiction over the matter, it must lie in subsection (a). The United States Supreme Court has elaborated on this grant by stating:

> § 1338(a) jurisdiction ... extend[s] only to those cases in which a well-pleaded complaint establishes either [1] that federal patent law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.

*Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 808–09, 108 S.Ct. 2166, 2173–74, 100 L.Ed.2d 811 (1987).

Common examples of causes of action and issues which arise under the federal patent laws include patent invalidity, infringement, and patent-antitrust. *See Beghin–Say International, Inc. v. Ole–Bendt Rasmussen,* 733 F.2d 1568, 1570 (Fed.Cir.1984). General contract disputes are not included in this list, as it has been held "for over 130 years that contract disputes involving patents do not arise 'under any Act of Congress relating to patents.'" *Id., supra* at 1571.

■ In this case, the plaintiff cannot benefit from 28 U.S.C. § 1338. Even taking the allegations in the plaintiff's complaint as true as this court must, neither plaintiff's causes of action nor relief sought center on patent law issues. In his complaint, the plaintiff does not argue any issue of federal patent law except for the blanket assertion of jurisdiction under 28 U.S.C. § 1338. *See* Complaint at ¶ 7. The mere fact that there is a patent pending product mentioned in the complaint does not in and of itself create jurisdiction for the case to be heard by this court, since this product is at best only tangentially related to the claims. *Cf. Consolidated World Housewares, Inc. v. Finkle,* 831 F.2d 261, 265 (Fed.Cir.1987) ("the mere presence of a patent issue cannot of itself create a cause of action arising under patent laws").

Plaintiff's causes of action in Counts I and II are best characterized as a contract dispute since these focus on the validity of the assignment agreement. Plaintiff's cause of action in Count III is best characterized as a partnership/corporation claim in which a breach of fiduciary duty is alleged. None of these counts assert causes of action based in patent law. Plaintiff also seeks injunctive relief in the form of a TRO. However, this relief sought is not enough to invoke federal jurisdiction as described in *Christianson,* since federal patent law only allows injunctive relief "to prevent the violation of any right secured by patent." 35 U.S.C. § 283. The plaintiff alleges no violations of rights secured by patent laws, and as will be discussed below, since he only has applied for the patent it is unlikely he holds any patent rights at all.

**C. Patent Pending Issue**

■ The argument in support of defendants' motion is further strengthened by fact the product mentioned in the complaint is not an actual patented product, but rather only has a patent pending. There are no Acts of Congress that create actionable causes solely based on patent applications;

Title 35 of the United States Code creates protections and causes of actions based on issued patents only. *See generally Beghin–Say, supra* at 1569–71 (determining that the federal court did not have subject matter jurisdiction over the status of an assignment of two products whose patents were pending). Barring a unique situation which is not presented in this case,[1] the simple act of applying for a patent does not prospectively grant the applicant the full extent of the rights, protections, and privileges of holding a patent—including the right to sue under 28 U.S.C. § 1338. Here, the plaintiff only has applied for a patent and cannot in this case benefit from the patent laws that grant the district courts subject matter jurisdiction.

As this court lacks jurisdiction over this matter, the complaint is dismissed.

---

1. For example, the denial of a patent application by the Commissioner on Patents and Trademarks is subject to review by the district courts. *See Morganroth v. Quigg,* 885 F.2d 843, 846 (Fed.Cir.1989).