# UNITED STATES COURT OF APPEALS
<u>Filed 6/28/96</u>TENTH CIRCUIT

KENNETH JACKSON,

      Plaintiff-Appellant,

v.

NANCY BURNS, RICHARD
KAMINSKI and VERDIS ROBERSON,
in their individual and official capacity as
members of the Board of County
Commissioners of Wyandotte County,

      Defendants-Appellees.

Case No. 95-3359

(D.C. 95-CV-3396)
(District of Kansas)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

After examining the briefs and the appellant record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  <u>See</u>, Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered

submitted without oral argument.

---

    [*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se plaintiff Kenneth Jackson, an inmate at the Wyandotte County Jail in Kansas City, Kansas, appeals the dismissal of his 42 U.S.C. § 1983 claim against several Wyandotte County Commissioners. Mr. Jackson challenges the decision to ban smoking in the Wyandotte County Jail. The district court dismissed Mr. Jackson's complaint as frivolous under 28 U.S.C. § 1915(d). We grant Mr. Jackson's motion to proceed in forma pauperis, consider the merits of this appeal, and affirm the district court's decision.

We review the district court's determination of frivolousness under § 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992); Fratus v. DeLand, 49 F.3d 673, 674 (10th Cir. 1995). Under § 1915(d), an in forma pauperis complaint is frivolous only if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Here, Mr. Jackson alleges that the ban on smoking violates his Eighth Amendment right to be free from cruel and usual punishment and deprives him of a liberty interest in violation of the Fourteenth Amendment. We find no abuse of discretion in the district court's dismissal of these claims. Corrections officials retain broad discretion in administering jails and prisons. See Turner v. Safley, 482 U.S. 78, 84-85 (1987). Although the Supreme Court has concluded that prison officials may have a constitutional duty to protect inmates from cigarette smoke, see Helling v. McKinney, 113 S. Ct. 2475 (1993), there is, as of yet, no constitutional right of inmates to smoke, see Beauchamp v. Sullivan, 21 F.3d 789, 790 (7th Cir. 1994). Moreover, to the extent that he has developed

2

stress-related health problems, Mr. Jackson acknowledges that jail personnel have provided appropriate treatment. See Rec. doc. 2 at 5 (stating that Mr. Jackson was evaluated by a physician and referred to a psychologist).

Accordingly, the district court's dismissal of Mr. Jackson's complaint pursuant to 28 U.S.C. § 1915(d) is AFFIRMED.

The mandate shall issue forthwith.[1]

Entered for the Court,


Robert H. Henry
Circuit Judge

---

[1] Mr. Jackson's motion for a prehearing conference is denied.

3