Joel **BEATTY,** Plaintiff,

v.

**UNITED STATES FOOD AND DRUG ADMINISTRATION and David A. Kessler, M.D., Commissioner of Food and Drug Administration, Defendants.**

Civ. A. No. CV297–24.

United States District Court,
S.D. Georgia,
Brunswick Division.

Sept. 24, 1997.

Joel Beatty, Waverly, GA, pro se.

Delora L. Grantham, Assistant U.S. Attorney, Savannah, GA, Gerald C. Kell, U.S. Department of Justice, Washington, DC, for Defendants.

## ORDER

ALAIMO, District Judge.

Plaintiff, Joel Beatty ("Beatty") brings this action seeking declaratory and injunctive relief for actions taken by Defendants, the United States Food and Drug Administration ("FDA") and David A. Kessler, M.D., Commissioner of Food and Drug Administration ("Kessler"), which were allegedly beyond their authority. Currently before the Court is Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendants allege that Beatty does not have standing to bring this action. For the following reasons, Defendants' Motion to Dismiss will be **GRANTED.**

## FACTS

Beatty filed a complaint on February 28, 1997, alleging that the FDA acted beyond its authority when it asserted jurisdiction over tobacco and tobacco products. In August 1996, FDA issued regulations designed to limit access of children and adolescents to cigarettes.[1] Beatty claims that the FDA vio-

---

1. The specific measures enacted by the FDA are designed to restrict access to cigarettes and to decrease advertising targeted at adolescents and children. Measures designed to restrict access to cigarettes include restricting the sale of cigarettes to persons over eighteen years of age, requiring retailers to check the identification of cigarette purchasers, banning distribution of free cigarette samples, and removing self-service display and vending machines for cigarettes, unless in adult-only locations. (Defs.' Memo. Support Mot. Dismiss at 6 (citing 21 C.F.R. §§ 897.10–897.16 (1997); 61 Fed.Reg. at 44,426–62, 44,-616–17 (1996))). The restrictions on tobacco advertising include the use of a black and white, text-only advertising format, a ban on outdoor

lated the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. § 1331, the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, and the First and Fifth Amendments to the United States Constitution when it issued the regulations.

Beatty alleges that there will be limited access to cigarettes, as well as the development of a black market because of the regulations. Beatty also contends that the price of cigarettes will increase. Finally, Beatty contends that the regulations have caused, and will continue to cause, stigmatization and humiliation of smokers and their families.

## DISCUSSION

### I. Motion to Dismiss based on Rule 12(b)(1)

Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, to transfer the complaint to the Middle District of North Carolina.[2] Rule 12(b)(1) allows a court to dismiss a complaint when the court lacks jurisdiction over its subject matter. For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59, 65 (1984); *Fortner v. Thomas*, 983 F.2d 1024, 1027 (11th Cir.1993).

■■■ Attacks on subject matter jurisdiction come in the form of a "facial attack" or a "factual attack." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997). Facial attacks on the complaint require a court "merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1261. Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the

pleadings, such as testimony and affidavits, are considered." *Id.* (internal quotation omitted).

■■■ Defendants contend that Plaintiff's complaint should be dismissed for lack of standing. When evaluating a motion to dismiss under Rule 12(b)(1) for lack of standing, it is the burden of the party claiming federal jurisdiction "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197, 2215, 45 L.Ed.2d 343, 366 (1975). *See also Lujan v. Defenders of Wildlife*, 504 U.S. at 561, 112 S.Ct. at 2137, 119 L.Ed.2d at 364 (1992). The issue of standing is properly resolved by reference to the allegations found in the complaint. *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994). The general allegations of the plaintiff are presumed to include "those specific facts that are necessary to support the claim." *United States v. Hays*, 515 U.S. 737, 115 S.Ct. 2431, 2435, 132 L.Ed.2d 635, 642 (1995).

### II. Standing

■■■ Article III of the United States Constitution provides that federal courts only shall have jurisdiction over "cases" and "controversies." U.S. Const. art. III, § 2. "[T]he purpose of the [case or controversy] requirement is readily apparent—to limit the federal courts to deciding issues in an adversary framework amenable to judicial resolution and to maintain separation of powers among the three branches of government." *Miller v. Federal Communications Comm'n*, 66 F.3d 1140, 1145 (11th Cir.1995), *cert. denied*, 517 U.S. 1155, 116 S.Ct. 1543, 134 L.Ed.2d 647 (1996) (citing *Flast v. Cohen*, 392 U.S. 83, 94–95, 88 S.Ct. 1942, 1949–50, 20 L.Ed.2d 947, 958 (1968)). Standing is a jurisdictional doctrine designed to ensure that

---

advertising near schools and playgrounds, a prohibition on the distribution of non-tobacco products such as hats and shirts, and the sponsoring of events using tobacco brand names. (Defs.' Memo. Support Mot. Dismiss at 6–7).

2. The tobacco manufacturers have filed actions similar to Beatty's action in the Middle District

of North Carolina. (Defs.' Memo. Support Mot. Dismiss at 2). This litigation is currently pending before the United States Court of Appeals for the Fourth Circuit. (*Id.*) Four lawsuits were filed and the court consolidated the actions. *Coyne Beahm v. FDA*, Case No. 2:95cv591 (Nov. 21, 1995).

there is always a case or controversy pending before the court. Standing "is of special importance in cases where a federal court is being asked to rule on the legality of an act of the executive branch." *Region 8 Forest Service Timber Purchasers v. Alcock,* 993 F.2d 800, 804 (11th Cir.1993), *cert. denied,* 510 U.S. 1040, 114 S.Ct. 683, 126 L.Ed.2d 651 (1994). Since the concept of standing is derived from the Constitution, there are specific constitutional requirements which must be met in order for a plaintiff to establish standing.

To satisfy the 'case' or 'controversy' requirement of Article III, which is the 'irreducible constitutional minimum' of standing, a plaintiff must, generally speaking, demonstrate that he has suffered 'injury in fact,' that the injury is "fairly traceable" to the actions of the defendant, and that the injury will likely be redressed by a favorable decision. *Bennett v. Spear,* 520 U.S. 154, 117 S.Ct. 1154, 1160, 137 L.Ed.2d 281, 295 (1997) (citing *Lujan,* 504 U.S. at 560–61, 112 S.Ct. at 2136, 119 L.Ed.2d at 364; *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471–72, 102 S.Ct. 752, 758, 70 L.Ed.2d 700, 708 (1982)).

*See also Hays,* 515 U.S. at 741, 115 S.Ct. at 2435, 132 L.Ed.2d at 643; *Cuban American Bar Ass'n. v. Christopher,* 43 F.3d 1412, 1423 (11th Cir.1995), *cert. denied,* 516 U.S. 913, 116 S.Ct. 299, 133 L.Ed.2d 205; *Alcock,* 993 F.2d at 806.

In addition to the above constitutional requirements, a plaintiff also must meet the prudential requirements of standing. *Bennett,* 520 U.S.154, 117 S.Ct. at 1160, 137 L.Ed.2d at 295 (quoting *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343, 354 (1975)). These requirements are "judicially self-imposed limits of the exercise of federal jurisdiction." *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556, 569 (1984). Three prudential considerations have developed. *See Alcock,* 993 F.2d at 806. First, a plaintiff must assert his own rights, not the rights or interests of a third person. *Warth v. Seldin,* 422 U.S. 490, 500–1, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343, 355–56 (1975). The second consideration is a prohibition on "generalized grievances." *Hays,* 515 U.S. at 741, 115

S.Ct. at 2435, 132 L.Ed.2d at 643; *Lujan,* 504 U.S. at 573–74, 112 S.Ct. at 2143, 119 L.Ed.2d at 372. The third requirement is that when a challenge is made to a statutory or regulatory provision, the plaintiff must raise a claim which is within the "zone of interests" protected by the statute. *Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 112 S.Ct. 1311, 1328, 117 L.Ed.2d 532, 556 (1992); *Church of Scientology Flag Service Org., Inc. v. City of Clearwater,* 2 F.3d 1514, 1526 (11th Cir.1993), *cert. denied,* 513 U.S. 807, 115 S.Ct. 54, 130 L.Ed.2d 13 (1994).

### A. Constitutional Requirements

As stated above, in order to meet the constitutional requirements of standing, the plaintiff must show: (1) an injury in fact, (2) a causal connection between the injury and the actions of the defendant, and (3) that the injury will likely be redressed by a favorable decision. *See Bennett,* 520 U.S. ――, 117 S.Ct. at 1160, 137 L.Ed.2d at 295; *Lujan,* 504 U.S. at 560–61, 112 S.Ct. at 2136, 119 L.Ed.2d at 364; *Valley Forge,* 454 U.S. at 471–72, 102 S.Ct. at 758, 70 L.Ed.2d at 708.

An injury in fact is the "invasion of a legally protected interest which is (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560, 112 S.Ct. at 2136, 119 L.Ed.2d at 364 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675, 684 (1983) (internal quotation marks omitted)). So long as the plaintiff alleges that an actual and particularized injury has occurred, or will occur, he has met his burden to survive a motion to dismiss. The court will presume that the details of the injury exist. In *Bennett,* the plaintiffs alleged that there would be decreased water available for their businesses. 520 U.S. at ―― 117 S.Ct. at 1163, 137 L.Ed.2d at 298. The Court found that allegation was an injury in fact, even though the plaintiffs did not specifically allege how the water supply would be decreased. *Id.*

In this case, Beatty has not alleged an injury in fact. Broadly construing the pleadings, Beatty alleges the following injuries: limited access to cigarettes,

(Compl.¶¶ 4, 70), increased cost of cigarettes, (Pl.'s Opp'n Mot. Dismiss at 2), possible development of a black market, (Compl.¶¶ 4, 70), stigmatization and humiliation, (Compl.¶ 69) and smoking bans. (Pl.'s Opp'n Mot. Dismiss at 2–3). None of these allegations meets the requirements to be considered an injury in fact.

The challenged regulations are designed to limit the access of young persons to cigarettes. There is no allegation that Beatty's access to cigarettes will be limited by these regulations and, therefore, he has not alleged a personal injury.[3] The risk of increased price and the development of a black market for cigarettes are hypothetical and speculative injuries. Since it was illegal for persons under the age of eighteen to buy cigarettes before these regulations, it seems unlikely that these recent regulations independently will cause prices to rise and a black market to develop. The only concrete and particularized injury alleged in the complaint was that a teacher embarrassed a school child. (Compl.¶ 69). Beatty has not alleged any relationship to this child, nor any personal injury that resulted from the teacher's comments. Such an allegation, alone, is not considered an injury in fact for the purposes of standing.

The second constitutional requirement for standing is that there be a causal connection between the alleged injury and the defendant's actions. This requirement does not mean that the defendant personally must have caused the injury to the plaintiff or have taken the last action which affected the plaintiff. It is enough that the defendant influenced a third party who caused the plaintiff's injury. *Bennett*, 520 U.S. ——, 117 S.Ct. at 1164, 137 L.Ed.2d at 299. The injury must not be the result of an independent action of a third party. *Id.*; *Lujan*, 504 U.S. at 560–561, 112 S.Ct. at

2136, 119 L.Ed.2d at 364; *Simon v. Eastern Ky. Welfare Rights Organ.*, 426 U.S. 26, 41–42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450, 462 (1976).

There is a heightened burden that a plaintiff must meet when the plaintiff's alleged injury arises from the government's regulation of a third party. It is "substantially more difficult" for the plaintiff to show standing in that case. *Lujan*, 504 U.S. at 562, 112 S.Ct. at 2137, 119 L.Ed.2d at 365. The issues of causation and redressability will then "hinge on the response of the regulated (or regulable) third party to the government action or inaction—and perhaps on the response of others as well." *Id.* The plaintiff must allege facts showing that the third parties have or will act "in such a manner as to produce causation and permit redressability of injury." *Id.*

Beatty failed to meet this heightened pleading standard because he did not show that there is a causal relationship between the alleged injuries and Defendants' actions. In this case, the challenged regulations are directed at protecting adolescents and children from the harms of smoking and there is no allegation that Beatty falls within those categories. Additionally, there are many third parties which affect the causal relationship of Beatty's alleged injuries. The tobacco companies and market demand affect the cost of cigarettes. Smoking bans are ordinances passed by local governing bodies. In the absence of a showing by Beatty that the FDA or Kessler have somehow influenced these third parties, he can not establish that there is a causal relationship between the injuries alleged and Defendants' actions.

The final constitutional requirement is that there must be a "substantial likeli-

---

**3.** Although there is no constitutionally protected right to smoke, a person's interest in smoking can be injured and, therefore, smokers have standing to challenge certain actions. *Jackson v. Burns*, 89 F.3d 850, 1996 WL 362739 *1 (10th Cir. June 28, 1996) (unpublished disposition); *Beauchamp v. Sullivan*, 21 F.3d 789, 789 (7th Cir.1994) (finding that a nonsmoker did not have standing to challenge prison smoking regulations); *Grusendorf v. City of Oklahoma City*, 816 F.2d 539, 541 (10th Cir.1987) (finding that an employee had standing to challenge work-related smoking ban); *Austin v. Lehman*, 893 F.Supp. 448, 451 (E.D.Pa.1995); *Operation Badlaw, Inc. v. Licking County Gen. Health Dist. Bd. of Health*, 866 F.Supp. 1059 (S.D.Ohio 1992), *aff'd*, 991 F.2d 796 (6th Cir.1993); *City of North Miami v. Kurtz*, 653 So.2d 1025, 1028 (Fla.1995), *cert denied* 516 U.S. 1043, 116 S.Ct. 701, 133 L.Ed.2d 658 (1996) (finding that an employee had standing to challenge work-related smoking ban).

hood" that the injury will be redressed by a favorable decision. This must be more than mere speculation. *Alcock,* 993 F.2d at 808. As mentioned above, when third parties must take independent actions to redress the injury, it is substantially more difficult for a plaintiff to meet the requirement of standing. *See Lujan,* 504 U.S. at 562, 112 S.Ct. at 2137, 119 L.Ed.2d at 365. In this case, third parties must take actions in order for Beatty's injuries to be redressed. The only remedies which Beatty requested are a declaratory judgment that the regulations are beyond the scope of the FDA's authority and an injunction withdrawing the regulations. There is no allegation that if the regulations are withdrawn, smoking bans across the country will be lifted. There is also no allegation that the humiliation and stigmatization of smokers will cease once these regulations are repealed. The media and people's knowledge of the risks of smoking will continue to fuel these sentiments and the withdrawal of the regulations will not change these attitudes. Beatty has not met his heightened burden to show how the declaratory judgment and withdrawal of the regulations will redress his alleged injuries.

Beatty has failed to meet any of the constitutional requirements for standing. He has not alleged a concrete or particularized injury as a result of the FDA's regulations. Beatty also fails to allege any causal relationship between the regulations and the alleged injuries. Finally, he does not show how the requested remedies will redress the injuries. Since Beatty does not satisfy the constitutional minimum required for standing, his complaint should be dismissed.

### B. *Prudential Considerations*

In order to thoroughly analyze the issue of standing, the Court now turns to the three prudential considerations for standing which have developed to promote judicial efficiency. The first is that a plaintiff must assert his own rights, not the rights or interests of a third person. The second is a prohibition on "generalized grievances." The third is that the plaintiff must raise a claim which is within the "zone of interests" that is protected by the statute. *See Warth,* 422 U.S. at 500–1, 95 S.Ct. at 2206, 45 L.Ed.2d at 355–56; *Hays,* 515 U.S. at 741, 115 S.Ct. at 2435, 132 L.Ed.2d at 643; *Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 287, 112 S.Ct. 1311, 1328, 117 L.Ed.2d 532, 556 (1992).

First, a plaintiff must assert his own rights, not the rights or interests of a third person. *Warth v. Seldin,* 422 U.S. at 500–1, 95 S.Ct. at 2206, 45 L.Ed.2d at 355–56. In this case, Beatty has not alleged a violation of his individual rights. When evaluating a motion to dismiss for lack of standing, the burden is on the plaintiff to establish all the requirements of standing. *Id.* at 518, 95 S.Ct. at 2215, 45 L.Ed.2d at 366. Here, Beatty alleges that a school child suffered injury (Compl.¶ 69), but alleges no relation to the injured child. There is no allegation of injury to Beatty as an individual.

The second prudential consideration is whether the plaintiff has alleged a generalized grievance. "[T]he plaintiff still must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants." *Warth,* 422 U.S. at 501, 95 S.Ct. at 2206, 45 L.Ed.2d at 356. *See also Valley Forge,* 454 U.S. at 479, 102 S.Ct. at 761, 70 L.Ed.2d at 714; *United States v. Richardson,* 418 U.S. 166, 176–77, 94 S.Ct. 2940, 2946, 41 L.Ed.2d 678, 688 (1974). The prohibition on generalized grievances does not leave the plaintiff without a remedy. A plaintiff with a generalized grievance still has the right to assert his views and grievances in political forums and at the polls. *Richardson,* 418 U.S. at 179, 94 S.Ct. at 2947, 41 L.Ed.2d at 689. Beatty has alleged generalized grievances and not any distinct or palpable injuries. In his complaint, he highlights that these regulations "could have dramatic effects on our society." (Compl. ¶ 4 (emphasis added)). All of the harms alleged affect all smokers generally. Without any distinct and palpable injury to Beatty, he is unable to establish standing.

The final prudential consideration requires that the plaintiff be within the "zone of interests" that the challenged regulation is designed to protect. *Holmes,* 503 U.S. at 287, 112 S.Ct. at 1328, 117 L.Ed.2d at 556. The Court must determine if "the plaintiff is within the class of persons sought to be benefitted by the provision at issue." *Id.* This requirement is especially important

when a party is challenging a governmental regulation that does not directly control that party's actions. "[T]he relationship between the plaintiff's alleged interest and the purpose implicit in the substantive provision [must] be more than marginal." *City of Clearwater*, 2 F.3d at 1526 (internal citations omitted). *See also FDIC v. Morley*, 867 F.2d 1381, 1391 (11th Cir.1989). Here, the FDA regulations that Beatty is challenging are directed at adolescents and children, with the purpose of decreasing their access to cigarettes. Beatty has not alleged that he is within that zone of interests. Even if Beatty is a smoker, he will only be marginally affected by the regulations, and that result bears no relationship to the purpose behind the regulations.

Beatty fails to satisfy any of the prudential requirements for standing. Since he has not met the constitutional nor the prudential requirements, his complaint should be dismissed because the Court lacks subject matter jurisdiction.

### III. *First to File Doctrine*

Defendants argue that the complaint should be transferred to the Middle District of North Carolina under the first to file doctrine. Since the complaint is dismissed for lack of standing, it is not necessary for the Court to reach this issue.

### *CONCLUSION*

Having considered fully the positions asserted by the parties in this matter, the Court determines that Defendants' Motion to Dismiss should be and is hereby **GRANTED.**