RHONDA GRIFFIN WASHINGTON, PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT LEE GRIFFIN, APPELLANT, v. TARIE CONLEY, ALSO KNOWN AS TARIA CONLEY, PERSONAL REPRESENTATIVE OF THE ESTATE OF ROSE L. GRIFFIN, ET AL., APPELLEES.

734 N.W.2d 306

Filed July 6, 2007.    No. S-06-428.

Thomas K. Harmon, of Law Offices of Thomas K. Harmon, for appellant.

Rebecca Abell Brown, of Law Office of Rebecca Abell Brown, for appellees.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Robert Lee Griffin purchased a parcel of real estate and placed title to the property in Rose L. Griffin's name. Rose died, and shortly thereafter, Robert also died. The personal representative of Robert's estate, Rhonda Griffin Washington, brought an action in district court against the personal representative of Rose's estate and several other individuals, seeking to establish a resulting or constructive trust over the parcel of real estate at issue. The defendants filed a motion to dismiss for, among other things, lack of subject matter jurisdiction. The district court granted the defendants' motion to dismiss, determining that the county court had exclusive jurisdiction over this matter. The

question presented in this appeal is whether the district court, given the record before it, erred in concluding that it did not have subject matter jurisdiction.

## STATEMENT OF FACTS

Washington's operative complaint alleges as follows: In late 2002, Robert Lee Griffin purchased a parcel of real estate located on Fort Street in Omaha, Nebraska. For Robert's "convenience," title to the property was placed in the name of Rose L. Griffin and a deed was delivered to Rose, which was then recorded in the office of the register of deeds for Douglas County. Robert occupied part of the premises with his family, improved and cared for the property, collected the rents from the property, and never recognized Rose as the owner of the property.

Rose died, and Tarie Conley was appointed as the personal representative of her estate. Washington alleges that after Rose's death, Robert requested that the defendants execute and deliver to him a deed for the property at issue in this case, but the defendants refused to do so. On March 4, 2005, Robert died, and Washington was subsequently appointed as the personal representative of his estate.

On December 30, 2005, Washington filed the operative complaint in district court against Melanie Conley, Christopher Conley, Morgan Conley, and Tarie Conley, as an individual and in her capacity as the personal representative of Rose's estate. Washington's complaint alleged that because Robert purchased the real property, Robert's estate has equitable title to the property, and that the defendants are obligated, in equity, to hold title to the property for his benefit. In essence, Washington requested that the district court impose a constructive or resulting trust on the real estate to which Rose held the record title. The defendants filed a motion to dismiss, claiming that Washington's complaint failed to state a claim upon which relief could be granted and for lack of jurisdiction.

At the hearing on the defendants' motion to dismiss, the following colloquy occurred:

> THE COURT: Okay. And we're here on the Motion to Dismiss filed on behalf of the Defendants. And the Court's first question in that regard, having reviewed the Complaint, the Motion to Dismiss, the Objection, and the

Brief in Opposition of the Motion for Dismissal, what is going on in the county court?

[Counsel for the defendants]: There has been a probate filed for the estate of Rose L. Griffin. It's just in the beginning stages. [Tarie] Conley has been appointed personal representative. It is an informal proceeding at this point in time and was just appointed not that long ago. I think November would be —

[Counsel for Washington]: Judge, my understanding it was like November 10th or November 17th of 2005, if I may interject. Thank you. Excuse me.

THE COURT: Okay. In fact, I see those letters of appointment that were attached to the Complaint. Is the property [on] Fort Street that is at issue in the Rose L. Griffin estate matter?

[Counsel for the defendants]: That is basically along with the vehicle is the only property in the estate that needs to be probated.

However, no evidence was adduced at the hearing, and no pleadings have been filed other than the complaint. None of the parties requested that the district court take judicial notice of any probate proceedings. Apparently relying on the statements of counsel that the real estate was subject to a probate proceeding in county court, the district court granted the defendants' motion to dismiss for lack of jurisdiction. In support of this conclusion, the court cited *Ptak v. Swanson*[1] for the proposition that when a personal representative's recovery of estate assets is inextricably tied to the probate of the estate, the right of recovery arises within the exclusive original jurisdiction over probate matters in the county court. The court noted that in the present case, Washington is seeking to recover title to real property that the court believed was involved in an ongoing probate proceeding. Accordingly, the court concluded that Washington's recovery in this case is inextricably tied to the probate of Rose's estate and that Washington's right of recovery arises within the exclusive original jurisdiction of the county court. The court dismissed the complaint, and Washington appealed.

---

[1] *Ptak v. Swanson*, 271 Neb. 57, 709 N.W.2d 337 (2006).

## ASSIGNMENT OF ERROR

Washington assigns, summarized, restated, and renumbered, that the district court erred in concluding that it was without jurisdiction to hear her complaint.

## STANDARD OF REVIEW

The granting of a motion to dismiss for lack of subject matter jurisdiction under Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(1) (rev. 2003) which is limited to a facial attack on the pleadings is subject to the same de novo standard of review as a motion brought under rule 12(b)(6).[2] A district court's grant of a motion to dismiss for failure to state a claim under rule 12(b)(6) is reviewed de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[3]

## ANALYSIS

The sole question presented to this court on appeal is whether the district court erred in granting the defendants' motion to dismiss for lack of subject matter jurisdiction. Washington's action was filed on December 30, 2005, and thus, we apply the new rules for notice pleading.[4] Because Nebraska's notice pleading rules are modeled after the Federal Rules of Civil Procedure, we look to the federal decisions for guidance.[5]

It is well established in federal courts that there are two ways a party may challenge the court's subject matter jurisdiction under rule 12(b)(1). The first way is a facial attack which challenges the allegations raised in the complaint as being insufficient to establish that the court has jurisdiction over the subject matter of the case.[6] In a facial attack, a court will look only to the complaint in order to determine whether the plaintiff

---

[2] *VanHorn v. Nebraska State Racing Comm.*, ante p. 737, 732 N.W.2d 651 (2007).

[3] See *id.*

[4] See Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev. 2004).

[5] See *Bohaboj v. Rausch*, 272 Neb. 394, 721 N.W.2d 655 (2006).

[6] See, *White v. Lee*, 227 F.3d 1214 (9th Cir. 2000); *Courtney v. Choplin*, 195 F. Supp. 2d 649 (D.N.J. 2002); *Zelaya v. J.M. Macias, Inc.*, 999 F. Supp. 778 (E.D.N.C. 1998).

has sufficiently alleged a basis of subject matter jurisdiction.[7] The second type of challenge is a factual challenge where the moving party alleges that there is in fact no subject matter jurisdiction, notwithstanding the allegations presented in the complaint.[8] In a factual challenge, the court may consider and weigh evidence outside of the pleadings to answer the jurisdictional question.[9]

A motion to dismiss becomes a factual challenge to the court's subject matter jurisdiction when the moving party supports its motion by presenting affidavits or other evidence properly brought before the court.[10] The party opposing the motion must then offer affidavits or other relevant evidence to support its burden of establishing subject matter jurisdiction.[11]

In this case, the defendants filed a motion to dismiss but did not offer any evidence in support of their motion. Accordingly, we consider the defendants' motion to be a facial challenge to the district court's jurisdiction, as opposed to a factual one.[12] Because it is a facial challenge, we must accept all of the allegations made in Washington's complaint as true and draw all reasonable inferences in favor of Washington.[13]

Given this standard of review, we conclude that the district court erred in finding that it did not have subject matter jurisdiction over this claim. We begin by reviewing the general principles relating to the respective jurisdiction of the district and county courts.

---

[7] See *VanHorn v. Nebraska State Racing Comm.*, *supra* note 2. See, also, *Beatty v. U.S. Food and Drug Admin.*, 12 F. Supp. 2d 1339 (S.D. Ga. 1997); *Cohen v. Temple Physicians, Inc.*, 11 F. Supp. 2d 733 (E.D. Pa. 1998).

[8] See, *St. Clair v. City of Chico*, 880 F.2d 199 (9th Cir. 1989); *Beatty v. U.S. Food and Drug Admin.*, *supra* note 7.

[9] See, *Krohn v. Forsting*, 11 F. Supp. 2d 1082 (E.D. Mo. 1998); *Rodriguez v. Texas Com'n on Arts*, 992 F. Supp. 876 (N.D. Tex. 1998), *affirmed* 199 F.3d 279 (5th Cir. 2000).

[10] See *Savage v. Glendale Union High School*, 343 F.3d 1036 (9th Cir. 2003).

[11] See, *id*; *Paterson v. Weinberger*, 644 F.2d 521 (5th Cir. 1981).

[12] See, *Paterson v. Weinberger*, *supra* note 11; *Yuksel v. Northern American Power Technology*, 805 F. Supp. 310 (E.D. Pa. 1992).

[13] See *VanHorn v. Nebraska State Racing Comm.*, *supra* note 2.

Neb. Const. art. V, § 9, states: "The district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide . . . ." Because a district court's general jurisdiction emanates from the Nebraska Constitution, it cannot be legislatively limited or controlled.[14]

Exclusive original jurisdiction over probate matters has been given to the county court by the Nebraska Legislature. Neb. Rev. Stat. § 24-517 (Cum. Supp. 2006) provides in relevant part that "[e]ach county court shall have the following jurisdiction: (1) Exclusive original jurisdiction of all matters relating to decedents' estates, including the probate of wills and the construction thereof . . . ." Neb. Rev. Stat. § 30-2211(a) (Cum. Supp. 2006) provides in part: "To the full extent permitted by the Constitution of Nebraska, the [county] court has jurisdiction over all subject matter relating to (1) estates of decedents, including construction of wills and determination of heirs and successors of decedents, and estates of protected persons . . . ."

■■■ County courts, in exercising exclusive original jurisdiction over estates, may apply equitable principles to matters within probate jurisdiction.[15] We have noted, however, that the Legislature's grant of exclusive jurisdiction to the county court in matters relating to decedents' estates "'is of suspect constitutionality insofar as it relates to matters that would involve either the chancery or common-law jurisdiction of the district courts.'"[16] In reconciling this apparent tension, we have concluded that in common-law and equity actions relating to decedents' estates, the county courts have concurrent original jurisdiction with the district courts.[17] We have further explained:

> The grant of jurisdiction to the district court, however, while original, is not exclusive. That each of two courts

---

[14] *Ptak v. Swanson, supra* note 1; *Schweitzer v. American Nat. Red Cross*, 256 Neb. 350, 591 N.W.2d 524 (1999).

[15] *In re Estate of Steppuhn*, 221 Neb. 329, 377 N.W.2d 83 (1985); *In re Estate of Layton*, 207 Neb. 646, 300 N.W.2d 802 (1981).

[16] *Ptak v. Swanson, supra* note 1, 271 Neb. at 63, 709 N.W.2d at 341.

[17] *Ptak v. Swanson, supra* note 1; *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999); *Iodence v. Potmesil*, 239 Neb. 387, 476 N.W.2d 554 (1991).

may possess the same original jurisdiction is clear, but that two separate courts may not exercise exclusive jurisdiction is also clear. Our previous opinions have not always addressed this point. In considering the difference between exclusive and original, the apparent conflict between the jurisdiction of the county court and the district court vanishes.[18]

In this case, Washington is seeking to impose a constructive or resulting trust on a parcel of real estate. Actions to declare a resulting or constructive trust are in equity.[19] In the absence of a probate issue the district court would have original jurisdiction over such an action. However, in an equitable action relating to a decedent's estate, the county court may under some circumstances have concurrent original jurisdiction with the district court.

When the jurisdiction of the county court and district court is concurrent, the basic principles of judicial administration require that the court which first acquires jurisdiction should retain it to the exclusion of the other court.[20] We have explained that the "county court acquires jurisdiction of all matters relating to the administration and settlement of the estate when formal or informal estate proceedings are filed or instituted in the county court."[21]

The resolution of the present case depends on the answers to the following questions: First, whether there is a pending probate proceeding in county court involving the real property at issue in this case; and second, if there is an ongoing probate proceeding, whether the county court first acquired jurisdiction. Based solely on the allegations presented in Washington's complaint, which answer neither of these questions, we conclude

---

[18] *In re Estate of Steppuhn, supra* note 15, 221 Neb. at 332, 377 N.W.2d at 85.

[19] *Brtek v. Cihal,* 245 Neb. 756, 515 N.W.2d 628 (1994); *Kuhlman v. Cargile,* 200 Neb. 150, 262 N.W.2d 454 (1978).

[20] See *In re Estate of Kentopp,* 206 Neb. 776, 295 N.W.2d 275 (1980).

[21] *Id.* at 785, 295 N.W.2d at 280.

that the district court erred in finding that it did not have jurisdiction over this matter.

We note that under Nebraska law, title to real property passes immediately upon death to devisees or heirs, subject to administration.[22] Of course, pursuant to Neb. Rev. Stat. § 30-2470 (Reissue 1995), a personal representative may request possession of the property for purposes of estate administration, and may also maintain an action to determine title to the property.[23] However, in the present case, there is no allegation in the complaint that the real property is necessary for purposes of estate administration or for a determination of title in the probate court. Thus, on the face of the complaint, there is no impediment to the district court's properly exercising jurisdiction over this action.

Moreover, in finding that it lacked jurisdiction, the district court erroneously relied upon information not found in Washington's complaint, specifically, the assertions of counsel that the property at issue in this case is subject to a separate and contemporaneous probate proceeding in county court. In relying solely on the allegations made by Washington in her complaint, as we must, and without an allegation in the complaint that the property at issue is somehow necessary for purposes of estate administration in a pending probate proceeding, we cannot say that the county court has acquired jurisdiction over this matter to the exclusion of the district court. The district court erred in granting the motion to dismiss based on the record before it.

As an alternative basis for dismissing the complaint, the defendants argue that the county court has jurisdiction over this case pursuant to Neb. Rev. Stat. §§ 30-3814(a) and (f) (Cum. Supp. 2006) of the Nebraska Uniform Trust Code. Section 30-3814(a) provides that "[t]o the full extent permitted by the Constitution of Nebraska, the county court has jurisdiction over all subject matter relating to trusts." Section 30-3814(f) states

---

[22] Neb. Rev. Stat. § 30-2401 (Reissue 1995). See, also, *Ruzicka v. Ruzicka*, 262 Neb. 824, 635 N.W.2d 528 (2001); *Mischke v. Mischke*, 253 Neb. 439, 571 N.W.2d 248 (1997).

[23] See *Ruzicka v. Ruzicka, supra* note 22.

that "[f]or purposes of this section, 'proceeding' includes action at law and suit in equity." The defendants claim that given these provisions, the county court has jurisdiction because a resulting or constructive trust, although an action in equity, is a "matter relating to trusts."

The defendants' reliance on § 30-3814(a) and (f) is misplaced. Neb. Rev. Stat. § 30-3802 (Cum. Supp 2006) provides that "[t]he Nebraska Uniform Trust Code applies to express trusts, charitable or noncharitable, and trusts created pursuant to a statute, judgment, or decree that requires the trust to be administered in the manner of an express trust." The official comment to § 102 of the Uniform Trust Code, which is identical to § 30-3802, states that the code, "while comprehensive, applies only to express trusts."[24] Excluded from the code's coverage are resulting and constructive trusts, which are not express trusts but remedial devices imposed by law.[25]

It is clear from the plain language of § 30-3802 that resulting and constructive trusts are not governed by the Nebraska Uniform Trust Code. The defendants' argument that the county court had jurisdiction under the code is without merit.

## CONCLUSION

We conclude that the district court erred in considering evidence outside of Washington's complaint and finding that it did not have subject matter jurisdiction over Washington's claim. Absent other evidence, the allegations presented in Washington's complaint are sufficient to vest jurisdiction in the district court. We reverse the judgment of the district court and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

---

[24] Unif. Trust Code § 102, 7C U.L.A. 411 (2006).

[25] *Id.*