**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-10251
Summary Calendar

ABEL RODRIGUEZ,

Plaintiff-Appellant,

Versus

TEXAS COMMISSION ON THE ARTS,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas

January 10, 2000

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge.

Plaintiff sued the Texas Commission on the Arts in federal court alleging copyright infringement. Plaintiff appeals decision of the United States District Court for the Northern District of Texas dismissing plaintiff's suit for lack of subject matter jurisdiction. Because we find that the Copyright Clarification Act, 17 U.S.C. § 511 (1994), does not abrogate a state's Eleventh Amendment immunity pursuant to a valid exercise of congressional power, we AFFIRM.

**FACTS AND PROCEEDINGS BELOW**

Plaintiff claims that the Arts Commission infringed on his

design for Texas license plates, a design which he registered with the United States Copyright Office, when it started selling its specialized "State of the Arts" license plates to Texas residents.  In response to plaintiff's complaint, defendant filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The district court granted defendant's motion to dismiss and entered an order dismissing the complaint for lack of subject matter jurisdiction pursuant to FED R. CIV. P. 12(b)(1). Plaintiff argues on appeal that the district court's ruling is erroneous because Congress had the power to pass a law that gave plaintiff a cause of action for copyright infringement against the State of Texas.

**STANDARD OF REVIEW**

We review a district court's grant of a motion to dismiss for lack of subject matter jurisdiction *de novo*.  *See Herbert v. United States*, 53 F.3d 720, 722 (5th Cir. 1995); *see also EP Operating Ltd. Partnership v. Placid Oil Co.*, 26 F.3d 563, 566 (5th Cir. 1994) ("This Court reviews dismissal under Fed. R. Civ. P. 12(b)(1) *de novo* using the same standards employed by the district court.").

**DISCUSSION**

Citizens may not bring suit against a state or any instrumentality thereof without the state's consent.  *See* U.S. Const. amend. XI.; *Hans v. Louisiana*, 134 U.S. 1, 15 (1890) (noting that federal jurisdiction over suits against unconsenting states "was not contemplated by the Constitution when

-2-

establishing the judicial power of the United States"). Plaintiffs contend that Congress's enactment of the Copyright Remedy Clarification Action of 1990, 17 U.S.C. § 511(a) (1994), validly abrogated the States' sovereign immunity from suit in copyright matters.

To determine whether Congress abrogated a state's sovereign immunity, we must ask two questions: first, whether Congress unequivocally expressed its intent to abrogate such immunity, and second, whether Congress acted pursuant to a valid exercise of its power. *See Seminole Tribe v. Florida*, 517 U.S. 44, 55 (1996). That we agree with the district court's finding that the Copyright Act's plain language[1] "makes it indubitable that Congress intended through this Act to abrogate the States' sovereign immunity from suit in copyright matters" needs little explanation. Therefore, we turn to our analysis of whether Congress acted pursuant to a valid exercise of its power in enacting the Copyright Act.

Congress may not abrogate sovereign immunity unless its does

---

[1] The abrogation provision of the Copyright Act states:

Any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his or her official capacity, shall not be immune, under the Eleventh Amendment of the Constitution of the United States or under any other doctrine of sovereign immunity, from suit in Federal court by any person, including any governmental or nongovernmental entity, for a violation of any of the exclusive rights of a copyright owner provided by sections 106 through 119, for importing copies of phono records in violation of section 602, or for any other violation under this title.

17 U.S.C. § 511(a) (1994).

so in accordance with a valid exercise of its power. *See Seminole Tribe*, 517 U.S. at 55. "Seminole Tribe makes clear that Congress may not abrogate state sovereign immunity pursuant to its Article I powers; hence the . . . Act cannot be sustained under either the Commerce Clause or the Patent Clause." *Florida Prepaid Postsecondary Educ. Exp. Bd. v. College Savings Bank*, --- U.S. ---, ---, 119 S. Ct. 2199, 2204 (1999). Therefore, the Copyright Act's sovereign immunity abrogation provision may only be constitutionally justified under the Fourteenth Amendment.

The United States Supreme Court recently addressed this very question in the context of the Patent and Plant Variety Protection Remedy Clarification Act, 37 U.S.C. 296(a) (1994 ed. and Supp. III). In *College Savings Bank*, the Supreme Court held that the Patent Remedy Act cannot be sustained as legislation enacted to enforce the guarantees of the Fourteenth Amendment's Due Process Clause. *See* --- U.S. at ---, 119 S. Ct. at 2205-11. It is appropriate for us to adopt this analysis in the copyright context. The interests Congress sought to protect in each statute are substantially the same and the language of the respective abrogation provisions are virtually identical. *Compare* 17 U.S.C. § 511(a) (1994) *with* 35 U.S.C. § 296(a) (1994 ed. and Supp. III). Therefore, the decision of the district court is AFFIRMED.