IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10108
Summary Calendar
_____

KAMAL K. PATEL,

Plaintiff-Appellant,

versus

JOEL CANALES; BLAS CANALES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of
USDC No. 3:99-CV-1422-D
--------------------
November 3, 2000

Before HIGGINBOTHAM, WIENER, AND BARKSDALE, Circuit Judges.

PER CURIAM:*

Kamal K. Patel, federal prisoner # 56496-080, appeals the district court's dismissal of his civil complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. He argues that the court erred in determining that the amount in controversy fell short of the $75,000 jurisdictional minimum set forth in 28 U.S.C. § 1332(a). We review the district court's dismissal pursuant to Rule 12(b)(1) de novo. See Rodriquez v. Texas Comm'n on the Arts, 199 F.3d 279, 280 (5th Cir. 2000).

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The amount in controversy generally is decided from the complaint itself unless it appears, or is in some way shown, that the amount stated in the complaint is not claimed in good faith. National Union Fire Ins. v. Russell, 972 F.2d 628, 630 (5th Cir. 1992). Assuming, arguendo, that the settlement contract was breached, Patel could have sought to vacate the dismissal of his original complaint pursuant to Fed. R. Civ. P. 60(b)(6) and to reinstate the case. See Stipelcovich v. Sand Dollar Marine, Inc., 805 F.2d 599, 605 (5th Cir. 1986). Patel did not do so; therefore, his only remaining option was to bring an action to collect the settlement amount. Id. Because the settlement amount of $1,000 was well below the jurisdictional minimum set forth in § 1332(a), the district court did not err by dismissing the case for lack of subject matter jurisdiction. See Rodriquez, 199 F.3d at 280.

Patel's remaining claim is that the denial of his motion for costs of service pursuant to Fed. R. Civ. P. 4(d)(2) was in error. We lack jurisdiction to review this matter because Patel failed to file a timely objection to the magistrate judge's order. See Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).

AFFIRMED.