CITIZENS OPPOSING INDUSTRIAL LIVESTOCK AND VILLAGE BOARD OF REYNOLDS, APPELLANTS, V. JEFFERSON COUNTY BOARD OF ADJUSTMENT, APPELLEE.

695 N.W.2d 435

Filed April 28, 2005.   No. S-04-669.

Steven M. Virgil, Patricia Knapp, and, on brief, Andrew W. Simpson for appellants.

Daniel L. Werner for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Citizens Opposing Industrial Livestock (COIL) and the village board of Reynolds (village) appeal the district court's order dismissing their action against the Jefferson County Board of Adjustment. The district court determined that it lacked subject matter jurisdiction because COIL and the village did not file a

verified petition as required by Neb. Rev. Stat. § 23-168.04 (Reissue 1997). We determine that although the petition was not verified, the failure to verify does not deprive the court of jurisdiction. Accordingly, we reverse, and remand for further proceedings.

## BACKGROUND

In February 2004, the Jefferson County Board of Commissioners approved a special use permit to allow the operation of a finishing site for swine. In March, the board of adjustment affirmed the board of commissioners' decision.

COIL and the village filed a petition in the district court challenging the ruling by the board of adjustment. The petition was signed by COIL and the village's attorney, but did not include a verification affidavit. The board of adjustment moved to dismiss, contending that the district court lacked jurisdiction because the petition was not verified as required by § 23-168.04.

The district court determined that the petition was not duly verified and that the failure to file a verified petition was jurisdictional. So the court dismissed the petition, and COIL and the village appeal.

## ASSIGNMENTS OF ERROR

COIL and the village assign that the district court erred by determining that the petition was not verified and dismissing the action.

## STANDARD OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Pennfield Oil Co. v. Winstrom*, 267 Neb. 288, 673 N.W.2d 558 (2004).

## ANALYSIS

COIL and the village argue that an attorney's signature is sufficient to verify a petition. They further argue that if an attorney's signature is insufficient, the failure to verify a petition is not jurisdictional.

Section § 23-168.04 provides:

Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment . . . may present to

the district court for the county a petition, duly verified, setting forth that such decision is illegal, in whole or in part, and specifying the grounds of the illegality. The petition must be presented to the court within fifteen days after the filing of the decision in the office of the board of adjustment. . . . Within ten days after the return day of the summons, the county board shall file an answer to the petition which shall admit or deny the substantial averments of the petition and matters in dispute as disclosed by the petition. The answer shall be verified in like manner as required for the petition.

Section 23-168.04 does not define how a petition should be verified. Nebraska's civil procedure, however, previously required verification of pleadings. Under Neb. Rev. Stat. § 25-824 (1943), every pleading of fact was required to be verified by the affidavit of the party or the party's agent or attorney. *In re Interest of L.D. et al.*, 224 Neb. 249, 398 N.W.2d 91 (1986). In 1969, the Legislature eliminated the requirement of verified pleadings in civil cases. § 25-824 (Cum. Supp. 1969); *In re Interest of L.D. et al., supra.*

Even before the verification requirement was eliminated, we held that usually, verification of a pleading constitutes no part of a pleading and ordinarily is not necessary to vest jurisdiction in a court. *In re Interest of L.D. et al., supra,* citing *Johnson v. Jones*, 2 Neb. 126 (1873); *Northup v. Bathrick*, 80 Neb. 36, 113 N.W. 808 (1907) (syllabus of court, "verification of a pleading is not jurisdictional"); *Dorrington v. Meyer*, 8 Neb. 211 (1879). But § 23-168.04 still contains a verification requirement.

█ We recently discussed the verification requirement of § 23-168.04 in *Hanchera v. Board of Adjustment, ante* p. 623, 694 N.W.2d 641 (2005). In *Hanchera*, the operative petition was not verified as required by § 23-168.04, and the Red Willow County Board of Adjustment argued that the failure to verify deprived the district court of jurisdiction. Relying on *In re Interest of L.D. et al., supra,* we determined that verification " ' "is a purely procedural direction which is formal but does not go to the essence of the law with regard to requirements for jurisdiction of the courts." ' " *Hanchera v. Board of Adjustment, ante* at 628, 694 N.W.2d at 646.

The lack of verification was not jurisdictional, and the district court should have allowed leave to amend. Accordingly, the court erred when it dismissed for lack of subject matter jurisdiction, and we reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.