KEITH BOHABOJ, APPELLANT, V.
ERIN RAUSCH, APPELLEE.

721 N.W.2d 655

Filed September 29, 2006.   No. S-05-1504.

Anthony W. Liakos, of Brodkey, Cuddigan, Peebles & Belmont, L.L.P., for appellant.

Jeffrey A. Wagner and Karen S. Nelson, of Schirber & Wagner, L.L.P., for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Keith Bohaboj filed an action pursuant to the parental support and paternity statutes found in Neb. Rev. Stat. § 43-1401 et seq. (Reissue 2004), in the district court for Douglas County, seeking to establish his paternity of a child born to Erin Rausch. Rausch moved to dismiss under Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(1) (rev. 2003) for lack of subject matter jurisdiction. The court found, inter alia, that "Rausch intends to relinquish the child for adoption" and, based on this finding, concluded that the matter was governed by the adoption statutes, Neb. Rev. Stat. § 43-101 et seq. (Reissue 2004), over which the county court has jurisdiction. The district court therefore concluded that it lacked subject matter jurisdiction, granted Rausch's motion, and dismissed the action. Bohaboj appeals the dismissal. We reverse.

## STATEMENT OF FACTS

On February 24, 2005, Rausch gave birth to a son in Omaha, Douglas County, Nebraska. The Nebraska Children's Home Society, located in Omaha, sent a letter dated February 28, 2005, to Bohaboj informing him that Rausch intended to execute a relinquishment of the child for adoption. The notice informed Bohaboj that as a possible biological father, he had the right to deny paternity and waive parental rights, relinquish his parental rights and consent to adoption, or file a notice of intent to claim paternity and obtain custody of the child within 5 days of the child's birth or the date of the letter, whichever was later. The letter was received by Bohaboj on March 3, and on March 7, Bohaboj filed a notice of intent to claim paternity and obtain custody with the Nebraska Department of Health and Human Services.

During the period April 15 to May 24, 2005, Bohaboj filed three complaints seeking to establish paternity. Each complaint indicated that Bohaboj and Rausch resided in Colfax County, Nebraska, and that the child was found in Omaha, Douglas County. One complaint was filed in the county court for Colfax County; one complaint was filed in the district court for Colfax

County; and one complaint was filed in the county court for Douglas County. Each complaint was dismissed for lack of jurisdiction.

On July 28, 2005, Bohaboj filed the action that is the subject of this appeal in the district court for Douglas County. Bohaboj fashioned the action as a complaint to establish paternity pursuant to § 43-1401 et seq. Rausch filed a motion to dismiss under rule 12(b)(1) for lack of subject matter jurisdiction and under rule 12(b)(6) for failure to state a claim. The record contains the child's birth certificate, the letter sent to Bohaboj by the Nebraska Children's Home Society, and the notice of intent filed by Bohaboj. Although, the parties stipulated that there had been no actual relinquishment of parental rights to the child by Rausch, the record indicates that there was a dispute as to whether Rausch intends to relinquish the child.

In its order filed December 6, 2005, the district court found that "the record clearly shows that Rausch intends to relinquish the child for adoption." For completeness, we note that elsewhere in its order, the district court found that "Rausch has consented to relinquishment of the minor child." Based on these findings, the district court reasoned that the matter was not a paternity matter under § 43-1401 et seq., as asserted by Bohaboj. Instead, the district court determined that the matter was governed by the adoption statutes and concluded that the case should have been filed in county court. The district court therefore concluded that it lacked subject matter jurisdiction, granted Rausch's motion, and dismissed Bohaboj's action. Bohaboj appeals the dismissal of his action by the district court for Douglas County.

## ASSIGNMENTS OF ERROR

Bohaboj claims that the district court erred in determining that it lacked subject matter jurisdiction and in dismissing his action.

## STANDARDS OF REVIEW

As discussed above, this action was filed on July 28, 2005, and thus, we apply the new rules for notice pleading. See Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev. 2004). This court has not previously discussed the standard of review for a motion to dismiss for lack of subject matter jurisdiction filed under rule 12(b)(1) where the trial court has made a finding of a disputed

issue. Because the new rules are modeled after the Federal Rules of Civil Procedure, we look to the federal decisions for guidance. See, similarly, *Anderson v. Wells Fargo Fin. Accept.*, 269 Neb. 595, 694 N.W.2d 625 (2005); *Kellogg v. Nebraska Dept. of Corr. Servs.*, 269 Neb. 40, 690 N.W.2d 574 (2005). We do hereby determine, as did the Court of Appeals for the Eighth Circuit, that where, as here, the trial court's decision is based upon the complaint and its own determination of a disputed factual issue, we review the finding under the "clearly erroneous" standard. See, *KCCP Trust v. City of North Kansas City*, 432 F.3d 897 (8th Cir. 2005); *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635 (8th Cir. 2003).

Aside from factual findings, the granting of a motion to dismiss for lack of subject matter jurisdiction under rule 12(b)(1) is subject to de novo review. See *Anderson, supra.*

The meaning of a statute is a question of law. *Wise v. Omaha Public Schools*, 271 Neb. 635, 714 N.W.2d 19 (2006). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Id.*

## ANALYSIS

Bohaboj claims on appeal that the district court erred in finding that Rausch had relinquished the child for adoption or, in the alternative, that Rausch intends to relinquish the child for adoption. Bohaboj further claims on appeal that the district court erred in concluding that the present action was an adoption matter subject to the adoption statutes, § 43-101 et seq., rather than a general paternity action subject to the general paternity statutes, § 43-1401 et seq. Bohaboj urges this court to reverse the district court's order concluding that it lacked subject matter jurisdiction, thus granting Rausch's motion under rule 12(b)(1) and dismissing the complaint. In response, relying on the adoption statutes, specifically § 43-104.05, Rausch claims that Bohaboj's paternity action under consideration was filed out of time and that because Rausch intends to relinquish the child, the district court did not err in concluding that the matter belonged in county court. We find merit to certain of Bohaboj's arguments and conclude that the district court erred when it ruled it lacked subject matter jurisdiction. Accordingly, we reverse.

In its order, the district court found in one instance that "Rausch has consented to relinquishment." However, the parties stipulated that no actual relinquishment of Rausch's parental rights had been made and there was no evidence to support this finding. The court's finding of relinquishment was unwarranted and for purposes of further analysis we ignore this finding.

Elsewhere in its order, the district court found that Rausch intends to relinquish the child for adoption. Whether Rausch intends to relinquish was a disputed fact, and because there was some evidence to support this finding, we cannot say it was clearly erroneous; and for purposes of analysis, we will accept this finding. However, the district court reasoned that because Rausch may be considering relinquishing the child for adoption, this matter must be considered an adoption case where subject matter jurisdiction is placed in the county court. Given the controlling statutes which we discuss below, the district court erred as a matter of law in concluding that an intention to relinquish for adoption converted this general paternity case, filed in district court under § 43-1401, into an adoption case. Contrary to the district court's ruling, the case remained a paternity action for which the district court had subject matter jurisdiction.

Consideration of several statutes is necessary to our resolution of this case.

Section 43-1411 of the paternity statutes provides in relevant part:

A civil proceeding to establish the paternity of a child may be instituted, in the court of the district where the child is domiciled or found or, for cases under the Uniform Interstate Family Support Act, where the alleged father is domiciled, by . . . the mother or the alleged father of such child, either during pregnancy or within four years after the child's birth, unless consent or relinquishment has been made pursuant to sections 43-104.08 to 43-104.24 or section 43-105 for purposes of adoption . . . .

Section 43-104.05 of the adoption statutes provides:

If a notice of intent to claim paternity and obtain custody is timely filed with the biological father registry pursuant to section 43-104.02, either the claimant-father, the mother, or her agent specifically designated in writing shall,

within thirty days after filing the notice, file a petition for an adjudication of the claim of paternity and right to custody. The petition shall be filed in the county court in the county where such child was born or, if a separate juvenile court already has jurisdiction over the child, in such separate juvenile court. If such a petition is not filed within thirty days after filing the notice, the claimant-father's consent to adoption of the child shall not be required, he is not entitled to any further notice, and any alleged parental rights of the claimant-father shall not be recognized thereafter in any court. After the filing of such petition, the court shall set a trial date upon proper notice to the parties not less than twenty nor more than thirty days after such filing. If the mother contests the claim of paternity, the court shall take such testimony as shall enable it to determine the facts. The claimant-father's rights and the custody of the child shall be determined pursuant to section 43-104.22. The court shall appoint a guardian ad litem to represent the best interests of the child.

We have previously considered these two statutes in relation to each other and the proper application of each statute.

In *Armour v. L.H.*, 259 Neb. 138, 144, 608 N.W.2d 599, 604 (2000), we acknowledged the "obvious tension" between §§ 43-1411 and 43-104.05. In *Armour*, we concluded that a petition to adjudicate paternity filed pursuant to § 43-104.05 is a matter of adoption over which the district courts have no subject matter jurisdiction. We further noted that under § 43-1411, a general paternity proceeding should be brought in district court "unless consent or relinquishment has been made pursuant to sections 43-104.08 to 43-104.24 or section 43-105 for purposes of adoption," § 43-1411, in which case the paternity issue is to be resolved in connection with the adoption matter in county court or under certain circumstances, a separate juvenile court.

Notwithstanding our discussion in *Armour*, Rausch urges us to conclude that Bohaboj's complaint is not only filed in the wrong court but is out of time in any event. We decline to so conclude. In *Armour*, we anticipated and effectively rejected the argument urged by Rausch in the instant case which if accepted would have us conclude that where the father files a notice of

intent to claim paternity with the biological father registry, as Bohaboj did herein, a father seeking to establish paternity would in all cases thereafter be subject to the 30-day limitation period in § 43-104.05, regardless of whether the mother had in fact relinquished or consented to adoption and regardless of the fact that no adoption proceeding was pending.

■ Contrary to Rausch's argument, we determine that although under § 43-104.05 a father who fails to petition for an adjudication of paternity in county court within 30 days after filing his notice of intent to claim paternity would be precluded from claiming paternity in an adoption proceeding, such father would not be precluded from seeking to establish paternity under the paternity statutes in district court where there is no consent or relinquishment by the mother and no adoption proceeding is pending.

■ In *Armour*, we noted that § 43-1411 provides generally that a biological father of a child born out of wedlock has 4 years to commence a paternity action in district court. In *Armour*, we stated:

> In construing a statute, an appellate court will, if possible, try to avoid a construction which would lead to absurd, unconscionable, or unjust results. *State ex rel. Neb. Health Care Assn. v. Dept. of Health*, 255 Neb. 784, 587 N.W.2d 100 (1998). We can conceive of no reason why the Legislature would create a procedure whereby the general [4-year] statute of limitations applicable to paternity actions would be drastically shortened [to 30 days] by a biological father's stated intent to bring such an action.

259 Neb. at 144, 608 N.W.2d at 604.

In the instant case, Bohaboj filed a complaint in the district court within 4 years after the child's birth to establish paternity under the general paternity statutes, § 43-1401 et seq. This proceeding was proper "unless consent or relinquishment has been made pursuant to sections 43-104.08 to 43-104.24 or section 43-105 for purposes of adoption." See § 43-1411. There is no claim or evidence of consent to adopt in this case. As noted above, there was a stipulation that Rausch had not relinquished the child and the district court's finding to the contrary was in error. The district court also found that Rausch intends to

relinquish the child and reasoned that such intention converted the action into an adoption matter. This reasoning was an error of law. Given the plain language of § 43-1411, consent or relinquishment must have "been made," not merely contemplated, to exclude the general paternity action from the subject matter jurisdiction of the district court. The district court erred as a matter of law when it concluded that Rausch's intention to relinquish the child transformed the instant action into an adoption matter, thereby depriving the district court of subject matter jurisdiction of this case. The district court's order granting Rausch's motion to dismiss for lack of subject matter jurisdiction must therefore be reversed.

## CONCLUSION

On the record before us, the district court for Douglas County had subject matter jurisdiction over Bohaboj's complaint seeking to establish paternity under § 43-1401 et seq. We conclude the district court erred when it granted Rausch's motion to dismiss for lack of subject matter jurisdiction and dismissed Bohaboj's complaint. We reverse the order of dismissal and remand the cause to the district court for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

HENDRY, C.J., not participating.