CITIZENS OPPOSING INDUSTRIAL LIVESTOCK AND VILLAGE BOARD OF REYNOLDS, NEBRASKA, APPELLANTS, V. JEFFERSON COUNTY BOARD OF ADJUSTMENT, APPELLEE.

740 N.W.2d 362

Filed October 26, 2007.   No. S-06-486.

Steven M. Virgil, Patricia Knapp, and, on brief, James M. Buchanan for appellants.

Daniel L. Werner, P.C., L.L.O., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

This is the second appearance of this case before this court. Citizens Opposing Industrial Livestock (COIL) and the village board of Reynolds (the village), appellants, filed an action with the district court for Jefferson County against appellee, the Jefferson County Board of Adjustment (the board). Appellants challenged the board's ruling that approved a special use permit allowing the operation of a finishing site for swine. In *Citizens Opposing Indus. Livestock v. Jefferson Cty.*, 269 Neb. 725, 695 N.W.2d 435 (2005) (*COIL I*), we concluded that the lack of verification of the petition did not defeat jurisdiction, and we reversed the district court's order of dismissal and remanded the cause for further proceedings.

Following remand, a bench trial was conducted on appellants' amended petition. After the trial had concluded, the board filed a motion to dismiss, claiming that the district court did not have subject matter jurisdiction because appellants lacked standing to bring the action. Appellants objected to the motion. Following a nonevidentiary hearing, the district court entered an order sustaining the board's motion and dismissing the action. Appellants appeal. Because we conclude that the district court erred by failing to hold an evidentiary hearing on the board's motion challenging appellants' standing, we reverse the district court's order and remand the cause for further proceedings.

## STATEMENT OF FACTS

As noted above, this is the second appearance of this case before this court. The following facts are recited in *COIL I*:

> In February 2004, the Jefferson County Board of Commissioners approved a special use permit to allow the operation of a finishing site for swine. In March, the board of adjustment affirmed the board of commissioners' decision.
>
> COIL and the village filed a petition in the district court challenging the ruling by the board . . . . The petition

was signed by COIL and the village's attorney, but did not include a verification affidavit. The board of adjustment moved to dismiss, contending that the district court lacked jurisdiction because the petition was not verified as required by [Neb. Rev. Stat.] § 23-168.04.

The district court determined that the petition was not duly verified and that the failure to file a verified petition was jurisdictional. So the court dismissed the petition, and COIL and the village appeal[ed].

*COIL I*, 269 Neb. at 726, 695 N.W.2d at 436.

Neb. Rev. Stat. § 23-168.04 (Reissue 1997) provides, inter alia, that anyone aggrieved by a decision of a board of adjustment may file a "petition" with the district court, "duly verified," setting forth the purported illegality in the board's decision. In *COIL I*, we determined that the verification requirement contained in § 23-168.04 was not jurisdictional, and as a result, we reversed the district court's order dismissing appellants' petition, and we remanded the cause for further proceedings.

After remand, appellants filed an amended petition in which the only change from the original petition was the addition of a verification. Subsequent to appellants' filing their amended petition, the district court ruled that the board's original answer would "serve as answer to the amended petition." In its answer, the board generally denied appellants' allegations in their amended petition to the effect that they possessed an interest in the litigation. The board did not specifically assert that appellants lacked standing to bring the instant action.

On September 16, 2005, the district court held a bench trial on appellants' amended petition. The evidence at trial focused on the merits of the amended petition. No discussion or challenge to appellants' standing was raised at trial. On November 14, following trial and before resolution of the underlying case, the board filed a motion to dismiss, claiming that "neither [COIL] nor [the village] has standing to invoke the jurisdiction of this court." On December 9, an objection to the board's motion was filed on behalf of appellants.

Both the motion to dismiss and the objection to the motion were argued on January 19, 2006. The board argued that appellants had failed to prove at trial that they had standing to bring

the lawsuit, and as a result, the district court lacked subject matter jurisdiction. None of the parties offered evidence at the hearing. Counsel for appellants argued that an evidentiary hearing was needed in order to address the board's assertion that appellants lacked standing. The district court did not set the motion for an evidentiary hearing.

In an order filed March 30, 2006, the district court concluded that it lacked subject matter jurisdiction because appellants had not adduced evidence at trial demonstrating that either COIL or the village was a proper party plaintiff in the litigation. The district court sustained the board's motion and dismissed appellants' amended petition for lack of standing. Appellants appeal.

## ASSIGNMENT OF ERROR

On appeal, appellants assign two errors that can be summarized as claiming that the district court erred in dismissing appellants' amended petition for lack of jurisdiction.

## STANDARD OF REVIEW

■ This action was filed on March 25, 2004, and thus, we apply the new rules for notice pleading. See Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev. 2004). Aside from factual findings, which are reviewed for clear error, the granting of a motion to dismiss for lack of subject matter jurisdiction under Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(1) (rev. 2003) is subject to de novo review. See *Bohaboj v. Rausch*, 272 Neb. 394, 721 N.W.2d 655 (2006).

## ANALYSIS

The issue presented to this court on appeal is whether, given the stage of the litigation, the district court erred in granting the board's motion to dismiss for lack of standing without first holding an evidentiary hearing. As we have noted above, appellants' action was filed on March 25, 2004, and thus, we apply the new rules for notice pleading. Initially, we note that the board's motion was captioned "Motion to Dismiss." The board did not specifically identify its motion as one filed under rule 12(b)(1). Rule 12(b)(1) provides as follows:

> **(b) How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim,

counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(1) lack of jurisdiction over the subject matter.

■ The board's motion stated that appellants lacked standing. The defect of standing is a defect of subject matter jurisdiction. See, generally, *Chambers v. Lautenbaugh*, 263 Neb. 920, 927, 644 N.W.2d 540, 547 (2002) (stating that "[a]s an aspect of jurisdiction . . . , standing requires that a litigant have such a personal stake in the outcome of a controversy as to warrant invocation of a court's jurisdiction and justify the exercise of the court's remedial powers on the litigant's behalf"). Accordingly, we review the board's motion as one seeking dismissal of appellants' amended petition for lack of subject matter jurisdiction filed under rule 12(b)(1).

On appeal, appellants argue that the district court erred when it sustained the board's motion to dismiss based on lack of standing without conducting an evidentiary hearing. Appellants note that although a trial was held on their amended petition, the board did not raise a specific challenge to appellants' standing until after the trial had concluded. Given the procedural posture of the case and the stage of the litigation, appellants assert they were entitled to an evidentiary hearing on the standing issue raised in the board's posttrial motion to dismiss. Appellants assert they are entitled to a reversal of the order of dismissal. We agree with appellants that the district court erred in dismissing appellants' amended petition without affording the parties the opportunity to establish the factual background necessary to permit the district court to resolve the standing issue.

Because Nebraska's notice pleading rules are modeled after the Federal Rules of Civil Procedure, we look to federal court decisions for guidance. See *Bohaboj v. Rausch, supra.* We recently considered the nature of a motion to dismiss under rule 12(b)(1) in *Washington v. Conley*, 273 Neb. 908, 912-13, 734 N.W.2d 306, 311 (2007), stating as follows:

It is well established in federal courts that there are two ways a party may challenge the court's subject matter jurisdiction under rule 12(b)(1). The first way is a facial

attack which challenges the allegations raised in the complaint as being insufficient to establish that the court has jurisdiction over the subject matter of the case. [See, *White v. Lee*, 227 F.3d 1214 (9th Cir. 2000); *Courtney v. Choplin*, 195 F. Supp. 2d 649 (D.N.J. 2002); *Zelaya v. J.M. Macias, Inc.*, 999 F. Supp. 778 (E.D.N.C. 1998).] In a facial attack, a court will look only to the complaint in order to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. [See *VanHorn v. Nebraska State Racing Comm.*, 273 Neb. 737, 732 N.W.2d 651 (2007). See, also, *Beatty v. U.S. Food and Drug Admin.*, 12 F. Supp. 2d 1339 (S.D. Ga. 1997); *Cohen v. Temple Physicians, Inc.*, 11 F. Supp. 2d 733 (E.D. Pa. 1998).] The second type of challenge is a factual challenge where the moving party alleges that there is in fact no subject matter jurisdiction, notwithstanding the allegations presented in the complaint. [See, *St. Clair v. City of Chico*, 880 F.2d 199 (9th Cir. 1989); *Beatty v. U.S. Food and Drug Admin., supra.*] In a factual challenge, the court may consider and weigh evidence outside of the pleadings to answer the jurisdictional question. [See, *Krohn v. Forsting*, 11 F. Supp. 2d 1082 (E.D. Mo. 1998); *Rodriguez v. Texas Com'n on Arts*, 992 F. Supp. 876 (N.D. Tex. 1998), *affirmed* 199 F.3d 279 (5th Cir. 2000).]

The federal courts have recognized that the stage of the litigation at which a motion to dismiss is filed informs the court of the necessity of holding an evidentiary hearing on the motion. If the motion is filed at the pleadings stage and the motion challenges the sufficiency of the complaint to invoke the court's jurisdiction, then the district court will review the pleadings to determine whether there are sufficient allegations to establish the plaintiff's standing. See, *Bischoff v. Osceola County, Fla.*, 222 F.3d 874 (11th Cir. 2000); *Haase v. Sessions*, 835 F.2d 902 (D.C. Cir. 1987). See, also, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2004 & Supp. 2007). As indicated above, this is considered a facial challenge to standing.

If, however, the motion to dismiss is filed at a later stage in the litigation, then the parties can no longer rely on the "'mere

allegations'" in the complaint. See *Bischoff v. Osceola County, Fla.*, 222 F.3d at 878 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). This is considered a factual challenge to standing. When a defendant has raised a factual challenge to the plaintiff's standing, the federal courts have stated that the trial court should conduct an evidentiary hearing to squarely present the standing issue before the court and resolve the factual dispute. See *Bischoff v. Osceola County, Fla.*, 222 F.3d at 879 (discussing that evidentiary hearing "must" be held in order to "decide disputed factual questions or make findings of credibility essential to the question of standing"). See, also, *Linnemeier v. Indiana University-Purdue University*, 155 F. Supp. 2d 1044, 1050 (N.D. Ind. 2001) (stating that "when faced with standing issues, courts are required to hold an evidentiary hearing to determine disputed factual issues").

In the instant case, the board's unsupported motion to dismiss appellants' amended petition for lack of standing was filed after trial during the later stages of the litigation and asserted a factual challenge to appellants' standing in the case. The district court did not hold an evidentiary hearing on the board's motion. Before the district court and on appeal, the board argues to the effect that an evidentiary hearing was not needed regarding the standing issue because the parties had just concluded a trial on the merits and the district court could rely on the evidence adduced at trial. While the record below is unclear, it appears that the district court accepted this approach and decided the board's motion, relying, at least in part, on the trial record, despite appellants' argument during the proceedings below that an evidentiary hearing was required on the standing issue. In this regard, we quote the following pronouncement from the district court at the conclusion of the argument on the board's motion to dismiss: "Well, obviously, I've deferred ruling. I have read the briefs and reviewed all of the evidence and the Bill of Exceptions or transcription of the hearing. So I will try to get a decision to you fairly promptly."

The district court's failure to hold an evidentiary hearing denied appellants the opportunity to address the board's factual assertion that appellants lacked standing. Although the board

generally denied appellants' allegations in their amended petition with respect to their individual interests in the litigation, the board did not put appellants on notice that standing was contested until after the trial had concluded, thereby effectively depriving appellants of an opportunity to offer evidence at trial on the standing issue. See *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994) (stating that "as a matter of fairness, the City's failure to question the plaintiffs' standing" until later in proceedings "does affect the standard to which we will hold plaintiffs . . . . It might well be unfair . . . to impose a standing burden beyond the sufficiency of the allegations of the pleadings on a plaintiff . . . unless the defendant puts the plaintiff on notice that standing is contested").

Given the board's factual challenge to appellants' standing, we conclude that the parties should have been given an opportunity to present evidence relating to the standing issue raised in the board's motion to dismiss. See, *Bischoff v. Osceola County, Fla.*, 222 F.3d 874 (11th Cir. 2000); *Church v. City of Huntsville, supra*; *Haase v. Sessions*, 835 F.2d 902 (D.C. Cir. 1987). We conclude that the district court erred in failing to give the parties the opportunity to establish the factual background necessary to permit the district court to resolve the factually disputed standing issue. We therefore reverse the district court's order dismissing appellants' amended petition and remand the cause for further proceedings consistent with this opinion.

## CONCLUSION

For the reasons stated above, given the stage of the litigation at which standing was raised as an issue, we conclude that the district court erred in failing to hold an evidentiary hearing on the board's motion to dismiss for lack of subject matter jurisdiction due to lack of standing filed pursuant to rule 12(b)(1). Accordingly, we reverse the district court's decision dismissing the action and remand the cause for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.